Filed 12/31/25  P. v. Easley CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER LADALE EASLEY,<br><br>    Defendant and Appellant. | E085899<br><br>(Super.Ct.No. FWV18003136)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Daniel W. Detienne, Judge.  Dismissed.

Christopher Ladale Easley, in pro. per.; and Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Christopher Ladale Easley submitted a request for recall of sentence and resentencing pursuant to Assembly Bill No. 600 and Penal Code section 1172.1,[1] which the court denied.

On appeal, counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We offered defendant the opportunity to file a personal supplemental brief, which he has done.[2] Defendant contends that defense counsel rendered ineffective assistance of counsel during his plea and sentencing, and that the court failed to properly apply the amended provisions of Senate Bill No. 567 when sentencing him. We dismiss the appeal.

## I. PROCEDURAL BACKGROUND

By information filed October 3, 2018, the People charged defendant with murder. (§ 187, subd. (a); count 1.) The People further alleged that during the murder, defendant had personally and intentionally discharged a handgun causing great bodily injury (§ 12022.53, subd. (d)), personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), and personally used a firearm (§ 12022.53, subd. (b)).

On December 21, 2021, pursuant to a plea agreement, defendant pled guilty to an interlineated offense of voluntary manslaughter (§ 192, subd. (a); count 2) and admitted that he used a firearm during the offense (§ 12022.5, subd. (a)).

---

[1] All further statutory references are to the Penal Code.

[2] "If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

On January 21, 2022, pursuant to the plea agreement, the court sentenced defendant to a determinate term of 21 years in prison consisting of the upper term of 11 years on the manslaughter offense and the upper term of 10 years on the personal use enhancement. The court dismissed the remaining count and enhancements. Defendant did not appeal.

On February 24, 2025, the court noted that it was "in receipt of Request for Recall of Sentence and Resentencing pursuant to AB600 and PC1172.1."[3] The court denied the request "pursuant to PC 1172.1(c)[.] The court does not have jurisdiction to address 1385 and SB567 motions."

## II. DISCUSSION

Defendant contends that defense counsel rendered ineffective assistance of counsel during his plea and sentencing, and that the court failed to properly apply the amended provisions of Senate Bill No. 567 when sentencing him. We dismiss the appeal.

"Assembly Bill [No.] 600 amended the resentencing procedure established by section 1172.1, which pertains to a resentencing commenced upon the court's own motion or recommendation by a party such as a correctional authority or district attorney." (*People v. Dowdy* (2024) 107 Cal.App.5th 1, 10.)

---

[3] No such request appears in the record. Appellate counsel requested that the superior court supplement the record to include the request. The court clerk responded that after an extensive review of the case file, they could not locate the request.

3

"A defendant is not entitled to file a petition seeking relief from the court under this section.  If a defendant requests consideration for relief under this section, the court is not required to respond."  (§ 1172.1, subd. (c).)

Although section 1172.1 does not entitle defendants "to petition the court for relief, a defendant is not forbidden altogether from raising the issue with a court." (*People v. Roy* (2025) 110 Cal.App.5th 991, 998, fn. omitted (*Roy*).)  A defendant-initiated petition "is best viewed as merely inviting the court to consider whether it wishes to exercise its discretion under section 1172.1."  (*Id*. at p. 999.)

"If the trial court is not required to act in response to a defendant's request, then [a] defendant has no right to a decision as to whether the trial court will make its own motion to recall and resentence."  (*Roy*, *supra*, 110 Cal.App.5th at p. 998.)  Thus, because a trial court has no obligation to act on a defendant's request, a defendant's substantial rights are not affected by an order denying his petition.  (*Ibid*.; accord, *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1045; *People v. Hodge* (2024) 107 Cal.App.5th 985, 996 (*Hodge*); *People v. Faustinos* (2025) 109 Cal.App.5th 687, 697 (*Faustinos*), review den. June 11, 2025, S289909 ["there is no appellate jurisdiction over an order declining to act on a defendant's unauthorized section 1172.1 petition, even though a court may initiate a resentencing on its own motion"].)

Here, the appeal must be dismissed.  Defendant was not entitled to file a petition seeking relief from the court under section 1172.1.  Thus, the court was not required to respond to defendant's petition; in fact, the court specifically denied defendant's motion

4

pursuant to section 1172.1, subdivision (c), reflecting that it was declining to respond. Therefore, the order denying defendant's request for resentencing does not affect his substantial rights and is not appealable. (*Roy*, *supra*, 110 Cal.App.5th at p. 998; accord, *Hodge*, *supra*, 107 Cal.App.5th at p. 996; *Faustinos*, *supra*, 109 Cal.App.5th at p. 697.)

Defendant forfeited his claims of ineffective assistance of counsel during the plea and sentencing by failing to file a motion to withdraw the plea and an appeal from the judgment. (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1412-1413; *People v. Johnson* (2009) 47 Cal.4th 668, 678; *People v. Senior* (1995) 33 Cal.App.4th 531, 535, 538.)

With respect to defendant's contention that the court was required to impose the midterms when sentencing him, "Senate Bill No. 567 amended section 1170, former subdivision (b) by making the middle term the presumptive sentence for a term of imprisonment unless certain circumstances exist. [Citations.]" (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038 [fn. omitted].) "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant . . . ." (§ 1170, subd. (b)(2).)

There is a split of authority as to whether the midterm presumption of amended section 1170 applies to a negotiated plea agreement with a stipulated sentence. (*People v. Todd* (2023) 88 Cal.App.5th 373, 381-382, review granted Apr. 26, 2023, S279154 [defendant was entitled to remand despite stipulated upper term sentence]; *People v. Fox*

5

(2023) 90 Cal.App.5th 826, 831 [same]; *People v. De La Rosa Burgara* (2023) 97 Cal.App.5th 1054, 1063, review granted Feb. 21, 2024, S283452 [same]; contra, *People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1057-1059, review granted Dec. 14, 2022, S277314 [defendant not entitled to remand where upper term was part of defendant's negotiated sentence]; *People v. Sallee* (2023) 88 Cal.App.5th 330, 333-334, review granted Apr. 26, 2023, S278690 [same].)

Regardless, the changes to section 1170 apply retroactively only to nonfinal cases. (*People v. Lynch* (2024) 16 Cal.5th 730, 749.) Defendant's judgment has been long since final. Thus, he is not entitled to resentencing.

### III. DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

FIELDS
J.

6